```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Dr. Kenneth D. Christman,      :

        Plaintiff,             :        Case No. 2:14-cv-1913

   v.                          :        JUDGE GEORGE C. SMITH
                                        Magistrate Judge Kemp
CoreSource, Inc., et al.,      :
```

OPINION AND ORDER

    This matter is before the Court to resolve a discovery issue. Plaintiff Dr. Kenneth D. Christman filed a motion to compel, asserting that he is entitled to conduct discovery beyond the administrative record pertinent to his ERISA claim. (Doc. 45). More specifically, Plaintiff claims that he is entitled to discovery concerning Reid Hospital & Health Care Services' ("Reid")'s alleged bias and conflict of interest. The motion also asks this Court to determine the sufficiency of Reid's answers and objections to Plaintiff's July 1, 2015 requests for admission and asks that those requests be deemed admitted. Finally, Plaintiff asks this Court to compel the production of all documents related to his claim. Reid filed an opposition the motion (Doc. 47), and Plaintiff filed a reply brief (Doc. 48). For the reasons that follow, the motion will be granted. The motion will be granted to the extent that it will allow Plaintiff limited discovery related only to Reid's alleged bias and conflict of interest. The remainder of Plaintiff's motion will be denied.

                                                I.

    The facts relating to the discovery issue are not substantially in dispute. Plaintiff is a plastic and reconstructive surgeon who treated a patient named Tanner Field for substantial injuries sustained in a motor vehicle accident.

Tanner Field's mother, Stephanie Field, is a participant in the relevant employee welfare benefit plan, and she assigned her plan rights to Plaintiff. Reid is the plan's administrator, and CoreSource, Inc. is the plan's claims processor. Plaintiff's bill for services provided to Tanner totaled approximately $396,000. The plan paid Plaintiff approximately $16,000 but denied the remainder of the claim on the ground the services were "experimental/investigational." (Doc. 32 at ¶22). This lawsuit followed. The sole claims which remain pending arise under the Employee Retirement Income Security Act of 1974 ("ERISA").

## II.

The parties acknowledge that, in the typical benefits case filed under ERISA, the Court's review of the plan administrator's decision is limited to the administrative record which was before the administrator at the time the decision was made. See Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 615 (6th Cir. 1998). Consequently, in such cases, discovery is not ordinarily permitted, because any additional facts learned through discovery would not have a bearing on the Court's determination of whether the administrator's decision found adequate support in the administrative record. See Likas v. Life Ins. Co. of N. Am., 222 Fed. Appx. 481, 486 (6th Cir. 2007).

The parties also acknowledge, however, that discovery has been permitted in ERISA cases if it is directed towards issues which would not alter or expand the content of the administrative record, but which would shed light on some other legal issue which is germane to the Court's decision. See Wilkins, 150 F.3d at 619. Relevant to this case, discovery can be conducted on the issue of whether a plan administrator is biased, because such bias is relevant to the Court's determination of the appropriate standard of review and because facts relating to an alleged bias do not appear as part of the administrative record. See id.

(recognizing that "[t]he district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or bias on its part").

As the Court of Appeals has observed, "[a]n inherent conflict of interest exists when, as in this case, an insurance company is both the administrator determining eligibility for benefits and the insurer responsible for paying the benefits out of its own pocket." Johnson v. Connecticut Gen. Life Ins. Co., 324 Fed. Appx. 459, 465 (2009), citing Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2346 (2008).  "That does not mean, however, that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan."  Id. at 467.  A conflict of interest is a factor used to determine whether the denial of benefits was an abuse of discretion.  Id. at 466.

Plaintiff acknowledges that a mere allegation of bias or conflict of interest is not enough to look beyond the administrative record.  Plaintiff argues, nevertheless, that he is entitled to discovery beyond the administrative record because "[t]he administrative record clearly shows evidence of Reid's conflict."  (Doc. 45 at 7).  This Court agrees that the administrative record possesses enough evidence of bias or conflict of interest to justify the requested discovery.

On May 30, 2013, Kelly Weatherly, Reid's Manager of Compensation and Benefits, sent an e-mail to Dennis Burgeson, a CoreSource Account Executive, and two others, stating:

> After speaking with Chris, our attorney, we would like to notify the employee and providers that the claims are being pended until additional information can be obtained.  The additional information would be regarding the seat belt issue.  <u>It is our understanding this would allow us 45 days to work on the other</u>

>matters in question. We are being told that at the end of the 45 days we may still have the option to deny if we do not have information needed to process.

Id. at Ex. G at Def 000609-610(emphasis added). Ms. Weatherly sent this e-mail despite the fact that CoreSource's records reveal its knowledge, as early as November 15, 2012, that Tanner Field was wearing a seatbelt. The relevant record states:

>PER EMAIL REID – SPOUSE, CHRIS. WAS DRIVER OF THE CAR THAT LOST CONTROL. NO OTHER VEHICLE INVOLVED. PER POLICE REPORT THIS WAS CONFIRMED AND TANNER FIELD WAS WEARING SEATBELT.

Id. at Def 000266. A plausible reading of the May 30, 2013 e-mail, in combination with the November 15, 2012 record, is that Reid offered a false reason for the delay because it was, as Plaintiff suggests, working to find a basis upon which to deny Plaintiff's claim. Although the evidence may ultimately reveal that Reid had a legitimate concern about Tanner Field's seatbelt, Plaintiff is entitled to discovery to determine if Reid's actions were the result of bias or conflict of interest.

Additional evidence supports discovery beyond the administrative record. Although CoreSource initially approved Plaintiff's charges for services rendered to Tanner Field, Reid ultimately reversed that decision after working with third-party Ellis Consulting. The manner in which Reid processed Plaintiff's claim in this case led to confusion, particularly pertaining to how an appeal would proceed. Mr. Burgeson expressed his "concern" about the appeal process and asked a Reid representative if Ellis Consulting would be taking over the appeal. Id. at Def 000194-195. In response to his inquiry, the Reid representative stated, "[i]f the physician provides additional information on appeal, I assume Ellis will have the same reviewers examine the documentation." Id. at Def 000194. Nearly three months later, there was still confusion as to the

4

appeal process, causing Ms. Weatherly to e-mail Reid's attorney for guidance. That e-mail stated:

> Attached is the 3 [sic] letter from Dr. Christman's office since 9/26 (one letter regarding request for information and 2 appeals). CoreSource is in need of direction. <u>Based upon the outside reviews, they denied these claims. They are not moving forward with their standard appeals process because their review found all the bills to be fine</u>.

<u>Id</u>. at Def000175 (emphasis added). Thus, Reid's use of Ellis Consulting, which resulted in Reid reversing CoreSource's initial processing of the claim, appears to have led to a departure from the typical administration of a claim.

Although the use of an outside consultant does not, alone, allow for discovery beyond the administrative record, <u>see Ray v. Group Long Term Disability Policy</u>, 2007 WL 127983, at *3 (S.D. Ohio Jan. 11, 2007), the unique set of facts in this case give rise to the need for additional discovery. These facts include the delay due to the seatbelt issue, which may or may not have been legitimate, and a departure from the standard processing of claims, particularly with respect to the handling of appeals. These facts, in addition to the inherent conflict of interest that exists because Reid is both the plan administrator and the insurer responsible for paying the benefits, give rise to an inference of bias or conflict of interest. Thus, under the unique circumstances present in this ERISA case, discovery is warranted beyond the administrative record to the extent that it pertains only to Reid's alleged bias or conflict of interest.

III.

Plaintiff also argues that Reid improperly made general objections to his requests for admission which have no merit. Reid's primary argument in objecting to this discovery is that Plaintiff is not entitled to discovery beyond the administrative record. For the reasons set forth above, this argument is

5

without merit, and Plaintiff is entitled to conduct limited discovery pertaining to whether Reid possessed a bias or conflict of interest.

IV.

Finally, Plaintiff argues that 29 C.F.R. §2650.503-1(h)(1)(iii) entitles him to all documents, irrespective of whether those documents were relied upon in denying his claim. In opposition, Reid argues that the regulation:

> relates to ERISA claims determinations <u>prior to litigation</u>, provides that a proper <u>claims procedure</u> requires a policy that an administrator provide relevant information <u>upon request</u>, and that a claimant's remedy for lack of a proper procedure is to bring a civil claim on the basis that the plan failed to provide a reasonable claims procedure.

(Doc. 47 at 10) (emphasis in original). Reid asserts that Plaintiff has failed to allege that the plan had an inadequate claims procedure or that he requested, but was denied, information from Reid during the appeal process. This Court agrees. The second amended complaint is devoid of any allegations that Plaintiff requested information relevant to the claim but was denied that information. Thus, to utilize the regulation at issue in order to permit unfettered discovery in this ERISA case would be contrary to the well established law limiting such discovery to the administrative record.

V.

For the reasons set forth above, Plaintiff's motion is granted to the extent that Plaintiff is permitted to conduct limited discovery related only to Reid's alleged bias and conflict of interest. The remainder of Plaintiff's motion is denied. (Doc. 45).

VI. <u>Procedure on Objections</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge